```
 1 │ BILAL A. ESSAYLI
   │ Acting United States Attorney
 2 │ CHRISTINA T. SHAY
   │ Assistant United States Attorney
 3 │ Chief, Criminal Division
   │ LAUREN E. BORDER (Cal. Bar No. 327770)
 4 │ Assistant United States Attorney
   │ General Crimes Section
 5 │      1200 United States Courthouse
   │      312 North Spring Street
 6 │      Los Angeles, California 90012
   │      Telephone: (213) 894-8231
 7 │      Facsimile: (213) 894-0141
   │      E-mail:    lauren.border@usdoj.gov
 8 │
   │ Attorneys for Plaintiff
 9 │ UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00655-MEMF |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ISMAEL GARCIA, JR., aka "Ismael Garcia," aka "Mario Gomez," aka "Vago Gomez," aka "Mario Vago," aka "Junior Garcia," | **CURRENT SC:** September 4, 2025 at 2:00 p.m.<br>**CURRENT TRIAL DATE:** September 29, 2025 at 8:30 a.m.<br>**PROPOSED PTC:** February 19, 2026 at 2:00 p.m.<br>**PROPOSED TRIAL DATE:** March 3, 2026 at 8:30 a.m. |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Lauren E. Border, and defendant ISMAEL GARCIA, JR. ("defendant"), both individually and by and through his counsel of record, Drew Havens, hereby stipulate as follows:

1. The Indictment in this case was filed on August 8, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on July 29, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 17, 2025.

2. On August 18, 2025, the Court set a trial date of September 29, 2025 and a status conference date of September 4, 2025.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately 2-3 days.

4. By this stipulation, defendant moves to continue the trial date to March 3, 2026 at 8:30 a.m. and the status conference date to February 19, 2026 at 2:00 p.m. This is the first request for a continuance.

5. By this stipulation, the parties also request the following briefing schedule:

    a. Motions in limine and notices required by Rule 12, 12.1 and 12.2 shall be filed by January 22, 2026. Oppositions to motions in limine shall be filed by February 5, 2026. There shall be no replies. The motions in limine will be heard at the pretrial conference.

    b. All pretrial motions other than motions in limine shall be filed twenty-eight days prior to the hearing. Oppositions or notices of non-opposition shall be filed fourteen days prior to the hearing, and replies, if any, shall be filed seven days prior to the hearing. All pretrial motions other than motions in limine shall be heard by January 22, 2026.

6.  Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.  Defendant is charged with a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition; and 18 U.S.C. § 922(o)(1): Possession of Machinegun. The government has produced discovery to the defense, including 190 pages and files of body worn camera footage, defendant's statements and criminal history, photos of evidence, and law enforcement reports.

b.  Defense counsel is presently scheduled to be in the trials as set forth in **Exhibit A**. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

c.  In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d.  Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

e.  The government does not object to the continuance.

3

      f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

    7.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period from the date of this filing to March 3, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

/ /

/ /

/ /

4

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: August 26, 2025        Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
LAUREN E. BORDER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1   I am ISMAEL GARCIA, JR.'s attorney.  I have carefully discussed
2  every part of this stipulation and the continuance of the trial date
3  with my client. I have fully informed my client of his Speedy Trial
4  rights.  To my knowledge, my client understands those rights and
5  agrees to waive them.  I believe that my client's decision to give up
6  the right to be brought to trial earlier than March 3, 2026 is an
7  informed and voluntary one.

8  _____   8/27/25
9  DREW HAVENS                  Date
   Attorney for Defendant
10 ISMAEL GARCIA, JR.

11

12   I have read this stipulation and have carefully discussed it
13 with my attorney. I understand my Speedy Trial rights.  I voluntarily
14 agree to the continuance of the trial date, and give up my right to
15 be brought to trial earlier than March 3, 2026.

16 _____   8/27/25
17 ISMAEL GARCIA, JR.           Date
   Defendant

# EXHIBIT A

## **Exhibit A**

1) *USA v. SEALED*, CR. No. 24-139-MRA a one-defendant drug distribution case set for trial on December 8, 2025. After three continuances, the parties remain unready and are unlikely to proceed to trial, with a plea agreement likely. Estimated trial length: 2-3 days.

2) *USA v. Rudy Flores,* CR No. 22-451-MEMF, a one-defendant drug distribution and felon in possession case, set for trial on January 26, 2026, has been pending since September 2022. After eight continuances, the parties remain engaged in litigation over a pretrial motion and are unlikely to proceed to trial on that date. Estimated trial length: 2-3 days.

3) *USA v. Shanjeet Brar,* CR. No. 24-519-HDV, a four-defendant complex conspiracy to commit kidnapping case, scheduled for December 16, 2025. After three continuances, the defendants will be ready and proceed on that trial date. However, Mr. Brar has filed a plea agreement. Estimated trial length: 5-7 days.

4) *USA v. Adair Zacarias*, CR. No. 24-610-FLA, a one-defendant enticement of a minor to engage in criminal sexual activity, scheduled for February 2, 2026. Two continuances and a plea agreement likely. Estimated trial length: 2-3 days.

5) *USA v. Wilson Navarro Santiago*, CR. No. 23-336-JLS, a one-defendant complex drug distribution case originating out of Colombia, scheduled for January 6, 2026. Defense counsel is unprepared for trial after two continuances.

6) *USA v. Carolina Rojas,* CR. No. 25-110-MRA, a two-defendant forced labor, human trafficking, immigration fraud, and witness tampering case, scheduled for September 29, 2025. Estimated trial length: 5-7 days, one continuance, and plea agreement likely.

7) *USA v. Tyler Wilkinson*, CR. No. 22-51-JLS, a one-defendant distribution of fentanyl resulting in death case scheduled for trial on December 2, 2025. Estimated trial length 3-5 days; three continuances; and plea agreement likely.

8) *USA v. Brentrion Churchill*, CR. No. 25-285-GW, a one-defendant felon in possession of a firearm case scheduled for trial on December 9, 2025. Trial estimate: 2-3 days, one continuance, and counsel is unsure of future proceedings currently.

9) *USA v. Zajah Phillips*, CR. No. 25-199-FMO, a one-defendant distribution of marijuana case scheduled for November 4, 2025. Trial estimate: 2-3 days, one continuance, and counsel is unsure of future proceedings at this time.

10) *USA v. Edwin Manriquez,* CR. No. 25-582-AH, a two-defendant conspiracy to commit assault on a federal officer and depredation of government property case, scheduled for trial on February 17, 2026, one continuance, and counsel is unsure of future proceedings. Trial estimate: 2-3 days.

11) *USA v. Steven Mateski,* CR. No. 25-236-FLA, a one defendant possession of unregistered firearms case, scheduled for trial on September 23, 2025, with a stipulation to continue expected to March 9, 2026. Trial estimate: 2-3 days.