```
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
LAUREN E. BORDER (Cal. Bar No. 327770)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8231
     Facsimile: (213) 894-0141
     E-mail:    lauren.border@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00655-MEMF |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ISMAEL GARCIA, JR. |
| v. | |
| ISMAEL GARCIA, JR.,<br>  aka "Ismael Garcia,"<br>  aka "Mario Gomez,"<br>  aka "Vago Gomez,"<br>  aka "Mario Vago,"<br>  aka "Junior Garcia," | |
| Defendant. | |

1. This constitutes the plea agreement between ISMAEL GARCIA, JR., also known as ("aka") "Ismael Garcia," aka "Mario Gomez," aka "Vago Gomez," aka "Mario Vago," and aka "Junior Garcia," ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in United States v. Ismael Garcia, Jr., No. 2:25-cr-00655-MEMF, which charges defendant with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

3. Defendant further agrees:

a. To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is

pleading guilty, specifically including, but not limited to, the following:

    i. Four rounds of Hornady .32 caliber ammunition, (CATS ID: 25-ATF-021391); and

   ii. One Unknown Manufacturer Unknown Pistol, .32 ACP caliber firearm, bearing an obliterated serial number (CATS ID: 25-ATF-021376) (collectively, the "Forfeitable Property").

  b. To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the property.

  c. To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

  d. Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property. If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property. Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A) and/or requirements of the Government to commence forfeiture actions pursuant to 18 U.S.C. § 924(d)(1).

   e. Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

   f. Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

   g. To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

   h. To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

   i. That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

   j. That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

   k. With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court

to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

## THE USAO'S OBLIGATIONS

4. The USAO agrees to:

    a. Not contest facts agreed to in this agreement.

    b. Abide by all agreements regarding sentencing contained in this agreement.

    c. At the time of sentencing, move to dismiss the remaining count of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed. Defendant further agrees that he may be treated as if he had been convicted of the dismissed charges for purposes of U.S.S.G. § 1B1.2(c), regardless of whether the factual basis below would be sufficient to satisfy all elements of each charge. Defendant waives the right to challenge the sufficiency of the factual basis as to any element of any dismissed charge.

    d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

    e. With respect to count one, not seek a sentence of imprisonment above the low end of the applicable Sentencing

Guidelines range, provided that the offense level used by the Court to determine that range is 23 or higher and provided that the Court does not depart downward in offense level or criminal history category. For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.  The parties also agree that the government may respond to a request by defendant for a sentence below the government's recommendation.

## NATURE OF THE OFFENSE

5.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, Being a Felon in Possession of Ammunition, in violation of Title 18, United States Code, Section 922(g)(1), the following must be true: (1) defendant knowingly possessed ammunition; (2) the ammunition had been shipped or transported from one state to another or between a foreign nation and the United States; (3) at the time defendant possessed the ammunition, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time defendant possessed the ammunition, defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## PENALTIES

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 922(g)(1), is: 15 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future.

7

Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about June 18, 2025, in Manhattan Beach, California, within the Central District of California, defendant, a convicted felon, knowingly possessed ammunition, namely, four rounds of .32 caliber ammunition, bearing the headstamp "Hornady", which were manufactured in Nebraska. Because the ammunition defendant knowingly possessed was manufactured outside of California, it had to travel through interstate or foreign commerce to be recovered in Los Angeles County. The ammunition was loaded into a VZ.61 Škorpion-type, .32

ACP caliber firearm, bearing an obliterated serial number, which qualified as a machinegun, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Sections 5845(a)(6) and (b).  Defendant acknowledges that at all times the firearm he possessed was a machinegun and that it had an obliterated serial number.

Defendant knowingly possessed the ammunition on June 18, 2025 having previously been convicted of, and knowing he had previously been convicted of, at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Petty Theft with Priors, in violation of California Penal Code Section 666, in the Superior Court of the State of California, County of Los Angeles, Case Number TA49895, on or about February 2, 1998;
2. Carjacking, in violation of California Penal Code Section 215(a), in the Superior Court of the State of California, County of Los Angeles, Case Number PA036353, on or about August 16, 2000;
3. Possession of a Controlled Substance, in violation of California Health & Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, Case Number TA130457, on or about October 17, 2013; and
4. Mayhem, in violation of California Penal Code Section 203, in the Superior Court of the State of California, County of Los Angeles, Case Number VA138494, on or about May 19, 2015.  Defendant admits that this conviction is for a crime of violence for purposes of U.S.S.G. § 2K2.1(a)(3).

## SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 22 | U.S.S.G. § 2K2.1(a)(3) |
| Obliterated Serial Number: | +4 | U.S.S.G. § 2K2.1(b)(4)(B)(ii) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. The base offense level set forth above is based on information currently known to the government regarding defendant's criminal history. Defendant understands and agrees that defendant's base offense level could be increased if defendant is an armed career criminal under U.S.S.G. §§ 4B1.4 and 18 U.S.C. § 924(e), or if defendant has additional prior conviction(s) for either a crime of violence or a controlled substance offense under U.S.S.G. § 2K2.1. If defendant's offense level is so altered,

defendant and the USAO will not be bound by the base offense level agreed to above.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel – and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION; WAIVER OF COLLATERAL ATTACK</u>

  16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

  17. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

  18. Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an

offense level of 23 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 23 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS</u>

20. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410

13

of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

Defendant further agrees that this paragraph of the agreement is severable. Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement. Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

21. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent

that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR

22. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

23. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

24. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

25. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge

that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

26. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual

16

information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

29. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

/ /
/ /
/ /

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

BILAL A. ESSAYLI
First Assistant United States
Attorney

| *Lauren E. Border* | 12/8/2025 |
|---|---|
| LAUREN E. BORDER<br>Assistant United States Attorney | Date |
| *[signature]*<br>ISMAEL GARCIA JR.<br>Defendant | 12/5/2025<br>Date |
| *[signature]*<br>DREW HAVENS<br>Attorney for Defendant Ismael Garcia Jr. | 12/5/2025<br>Date |

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or

representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  12-5-25
ISMAEL GARCIA JR.          Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ISMAEL GARCIA JR.'s attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set

1  forth in this agreement is sufficient to support my client's entry of
2  a guilty plea pursuant to this agreement.

3  _____     12/5/2025
4  DREW HAVENS                         _____
   Attorney for Defendant Ismael       Date
5  Garcia Jr.